UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERTO VIVEROS FARFAN,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Case No. 1:16-CV-00291-EJL<br>　　　　　1:14-CV-00137-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above-entitled matter are Petitioner's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Motion to Stay. (CV Dkt. 1, 5.)[1] The Government has filed a Motion to Dismiss. (CV Dkt. 3.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

---

[1] In this Order, the Court will use (CR Dkt.  ) when citing to the criminal case (1:14-cr-00137-EJL) and (CV Dkt.  ) when citing to the civil case (1:16-cv-00291-EJL).

MEMORANDUM DECISION AND ORDER - 1

# BACKGROUND

On December 15, 2014, Petitioner, Alberto Viveros Farfan, plead guilty to Count three of the Indictment charging Distributing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (CR Dkt. 33.) This Court sentenced Mr. Farfan on June 22, 2015 to 60 months imprisonment to be followed by a term of supervised release. (CR Dkt. 53, 54.) No appeal was filed.

On June 28, 2016, Petitioner filed the his first § 2255 Motion seeking to correct his sentence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015). (CR Dkt. 59) (CV Dkt. 1.) Petitioner then filed a second § 2255 Motion on July 26, 2016 which appears to raise a different claim – that the plea was involuntary or without the Petitioner's understanding of the nature of the charge and the consequences of the plea. (CR Dkt. 60) (CV Dkt. 5.) The Government has filed a Motion to Dismiss arguing *Johnson* does not apply to Mr. Farfan's case. (CV Dkt. 3.)

# DISCUSSION

**1.      Timeliness of the § 2255 Motion**

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

MEMORANDUM DECISION AND ORDER - 2

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). That section provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

On June 26, 2015, the Supreme Court issued its decision in *Johnson* which was later made retroactive. *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016). Therefore, motions for relief under § 2255 raising a *Johnson* claim must be filed within one year of the *Johnson* ruling. The first § 2255 Motion in this case asserting a *Johnson* claim was received by the Court and filed on June 28, 2016 which is two days over the date for filing *Johnson* based § 2255 Motions. (Dkt. 1.) The Motion, however, was signed and dated by Mr. Farfan on June 20, 2016. Given Mr. Farfan's *pro se* and custody status, the Court deems the first § 2255 Motion to be timely.

The second § 2255 Motion, however, is untimely. The second § 2255 Motion challenges the validity of the plea. (CV Dkt. 5.) Such a claim had to be raised within one year of the Judgment becoming final. *See* 28 U.S.C. § 2255(f)(1). The Judgment here was entered on June 23, 2015 and no appeal was filed. (CR Dkt. 54.) Therefore, the Judgment was final fourteen days after it was entered. *United States v. Colvin*, 204 F.3d 1221, 1222

MEMORANDUM DECISION AND ORDER - 3

(9th Cir. 2000) ("a judgment becomes final when the time has passed for appealing the district court's entry of the judgment"); Fed. R. App. P. 4(b)(1)(A) (criminal defendant's notice of appeal must be filed in district court within 14 days of entry of judgment); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). In this case, the Judgment became final on July 8, 2015. *See* Fed. R. App. P. 26(a)(1). Petitioner, therefore, had until July 8, 2016 in which to file his § 2255 Petition. The second Motion was not filed until July 26, 2016. (CV Dkt. 1) (CR Dkt. 433.)[2] Even considering Mr. Farfan's confinement status, his second § 2255 Motion was filed beyond the one-year time limitation as it was not signed until July 16, 2016. The Court finds the second § 2255 Motion to be untimely.

The Court also concludes that equitable tolling does not save the second § 2255 Motion. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014) ("after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quotation marks and citations omitted)); *United States v. Aguirre-Ganceda*, 592 F.3d

---

[2] The Court notes that a file stamp on the second § 2255 Motion indicates it was received by this Court on July 22, 2015. (CR Dkt. 60) (CV Dkt. 5.) That date too is beyond the one year deadline.

MEMORANDUM DECISION AND ORDER - 4

1043, 1046 (9th Cir. 2010). "[T]he threshold necessary to trigger equitable tolling ... is very high." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Equitable tolling of the statute of limitation is available only when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997); s*ee also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim"). No extraordinary circumstances have been presented in the record here. The second § 2255 Motion is denied as untimely. (CR Dkt. 60) (CV Dkt. 5.)

2.      **Motion to Dismiss**

The Supreme Court in *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which imposes a minimum 15 year sentence for individuals who had three or more prior convictions for a "violent felony," to be unconstitutionally vague and violated due process. *See Johnson*, 135 S.Ct. at 2557-60. The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential physical risk of physical injury to another." *See id.*

In this case, the Court applied a two level enhancement to Mr. Farfan's sentence pursuant to Sentencing Guideline § 2D1.1(b)(1) which provides that if "a dangerous weapon (including a firearm) was possessed, increase by 2 levels." (CR Dkt. 43 at ¶ 26.) The *Johnson* decision does not apply to the enhancement under § 2D1.1(b)(1) or to Mr.

MEMORANDUM DECISION AND ORDER - 5

Farfan's sentencing. *Barajas v. United States*, 2016 WL 4721481, at *2 (E.D. Cal. Sept. 8, 2016) (citing cases). For these reasons, the Government's Motion to Dismiss is granted. (CV Dkt. 3.)

Further, the Court denies issuance of a certificate of appealability (COA). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Mr. Farfan has not shown the deprivation of any constitutional right as no reasonable jurist would disagree that *Johnson* does not apply to this case and no reasonable jurist would find debatable the untimeliness of the second § 2255 Motion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. The Government's Motion to Dismiss (CV Dkt. 3) is **GRANTED**.
2. Petitioner's § 2255 Motion to Vacate, Correct, or Set Aside his Sentence (CR Dkt. 59) (CV Dkt. 1) is **DENIED**.

3. Petitioner's Second § 2255 Motion (CR Dkt. 60) (CV Dkt. 5) is **DENIED**.

4. Certificate of Appealability is **DENIED**.

DATED: October 21, 2016

_____
Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER - 7